IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK AND JEANNE STILLMOCK,      *
et al.
                    Plaintiffs      *

          vs.                       *    CIVIL ACTION NO. MJG-07-1342

WEIS MARKETS, INC., et al.          *

          Defendants                *

  *       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

     The Court has before it Plaintiffs' Motion to Certify Class

[Document 49] and the materials submitted relating thereto.  The

Court has held a hearing and had the benefit of the arguments of

counsel.


I.    BACKGROUND

     A.   Statutory Framework

     The instant case is brought under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §§ 1681 et seq., as amended by the Fair and

Accurate Credit Transactions Act ("FACTA"). Pub. L. No. 108-159, 117

Stat. 1952 (2003).

     As pertinent hereto, § 1681c(g)[1] provides:

          [N]o person that accepts credit cards . . . shall
          print more than the last 5 digits of the card

---

[1]   All statutory references herein are to 15 U.S.C. unless
otherwise indicated.

> number . . . upon any receipt provided to the
> cardholder at the point of sale or transaction.

A person fails to comply with § 1681c(g) and may be liable to a consumer cardholder by providing that consumer with a receipt on which more than the last five digits of the card number are printed.

If the failure to comply is due to negligence, the liability is:

> in an amount equal to the sum of -
>
> > (1) any actual damages sustained by the consumer
> > as a result of the failure; and
> >
> > (2) . . . the costs of the action together with
> > reasonable attorney's fees. . . .

§ 1681o.

If the failure to comply is willful, the liability is:

> in an amount equal to the sum of –
>
> > (1)(A) any actual damages sustained by the
> > consumer as a result of the failure or
> > damages of not less than $100 and not more
> > than $1,000; . . .
> >
> > (2)     such amount of punitive damages as the
> > court may allow; and
> >
> > (3)     . . . the costs of the action together
> > with reasonable attorney's fees. . . .

§ 1681n.

B.    Procedural Posture

Starting no later than the effective date of FACTA (assumed to be January 1, 2005 as Plaintiffs assert[2]) until about June of 2007, Weis provided to its customers paying by credit or debit cards, receipts that had printed thereon a total of ten digits (the first six and last four) of their card numbers.  Accordingly, Weis was not in compliance with § 1681c(g) with respect to a substantial number of consumers.  While the record does not permit a more precise estimate, it appears that at least a million of such receipts were provided to a hundred thousand or more individual customers.

In May and June 2007, the instant case and two other class action cases[3] were filed against Weis.  The Court dismissed the other two cases and added the Plaintiffs therein as party Plaintiffs in the instant case.  Accordingly, the named Plaintiffs in the instant case are Patrick and Jeanne Stillmock ("the Stillmocks"), Jenny Barnstein ("Barnstein"), and Leonid Opacic ("Opacic").

Plaintiffs filed the instant motion stating, as pertinent hereto[4]:

---

[2]    The parties' disagreement as to the pertinent effective date is immaterial for present purposes.

[3]    Opacic v. Weis Markets, Inc., C.A. No. 07-2188 (E.D. Pa.) [transferred to this District, Case No. MJG-08-3430] and Barnstein v. Weis Markets, Inc., C.A. No. MJG-07-1466.

[4]    Plaintiffs, at argument, abandoned their request for a

3

Plaintiffs propose that the Court certify a Class consisting of the following individuals:

All persons in the United States to whom, or after the effective and applicable dates for FACTA compliance and continuing through the resolution of this case, received from Defendant at any of its retail locations, an electronically printed receipt at the point of sale or transaction which contained more than the last five digits of the person's credit or debit card number.

Excluded from the Class are those individuals who have suffered actual damages due to identity theft caused by Defendant's FACTA violations.[5]

Pl.'s Mot. at 1.

C.  Class Certification Standard

Pursuant to Rule 23 of the Federal Rules of Civil Procedure,[6] a district court may order that an action proceed as a class action.

As a prerequisite, every class action must meet four requirements specified by Rule 23(a) – numerosity, typicality, commonality, and adequacy of representation.  If a putative class action satisfies the Rule 23(a) prerequisites, a class action may

_____

sub-class relating to the single Weis store in Pennsylvania that was the subject of the Opacic case.

[5]   Also excluded are persons who have ever been "executives" of Weis.

[6]   All "Rule" references herein are to the Federal Rules of Civil Procure.

4

be maintained if:

>           (2)   The party opposing the class has acted or
>           refused to act on grounds that apply generally
>           to the class, so that final injunctive relief
>           or corresponding declaratory relief is
>           appropriate respecting the class as a whole; or
>
>           (3)   The court finds that the questions of law
>           or fact common to class members predominate over
>           any questions affecting only individual
>           members, and that a class action is superior to
>           other available methods for fairly and
>           efficiently adjudicating the
>           controversy . . . .

Rule 23(b)(2)-(3).[7]


II.   **DISCUSSION**

    A.   **Rule 23(a) Prerequisites**

    The instant case satisfies all four Rule 23(a) prerequisites.


        1.   **Numerosity - Rule 23(a)(1)**

    The numerosity prerequisite is met if the proposed class is "so

numerous that joinder of all members is impracticable."  Rule

23(a)(1).

    All the members of the proposed class - consisting of a

substantial percentage of those persons who made at least one credit

or debit card purchase at a Weis store during a period

---

[7]     In the instant case, Plaintiffs do not seek class certification
pursuant to Rule 23(b)(1).

alleged to be almost 18 months – could not practically be joined as party Plaintiffs herein.

### 2.   Commonality – Rule 23(a)(2)

To satisfy Rule 23(a)(2), there must be "questions of law or fact common to the class."

There is no doubt that the claims of all the putative class members present common questions of fact and law regarding Weis' liability.  At the heart of each class members' claims are the undisputed fact that Weis failed to comply with Section 1681c(g) and the highly disputed question of whether Weis' failure to comply was willful.[8]  While there may be some issues not common to all putative class members, for example whether a particular claimant was a "consumer" under the statute, there is no doubt that there are questions of law and fact pertinent to liability[9] that are common to the all members of the proposed class.

---

[8]    Plaintiffs do not seek to pursue any claims based upon negligence.

[9]    However, as discussed herein in regard to "predominance," there are significant individualized issues presented regarding damages.

### 3.   Typicality – Rule 23(a)(3)

Each named Plaintiff claims to be a typical customer of Weis, using his or her own credit or debit card (hence, a "consumer"). Moreover, while Weis denies willfulness, it agrees that its pertinent intent was the same with respect to all receipts that were not compliant with § 1681c(g).  Accordingly, the named Plaintiffs present claims typical of those of the putative class members.

### 4.   Adequacy – Rule 23(a)(4)

"The adequacy of representation requirement contained in Rule 23(a)(4) focuses on class counsel's competence and experience and on the degree of antagonism between the class and the representative." Peoples v. Wendover Funding, Inc., 179 F.R.D. 492, 499 (1998).

No question has been raised as to the adequacy of Plaintiffs' counsel.  As to the named Plaintiffs, there is no apparent prospect of antagonism or conflict between them and other members of the class regarding common issues presented.  All putative class members have the same interest in establishing that Weis was willful so that they would be entitled to recover actual or statutory damages and the possibility of an award of punitive damages.

While there may well be difficult questions presented relating

to Plaintiffs' efforts to prove that Weis acted willfully, the instant case appears to present a degree of complexity at the low end of the spectrum of class actions.  Accordingly, while some or all of the named Plaintiffs may not be appropriate for selection as a lead Plaintiff in a stock fraud or other more complex case, they would not be inadequate to representative the putative class in the instant case.

      B.    <u>Rule 23(b)</u>

          1.    <u>Injunctive Relief – Rule 23(b)(2)</u>

Pursuant to Rule 23(b)(2), the Court may certify a class action if Weis "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate." Rule 23(b)(2).

The instant case was filed on May 21, 2007.  Within 17 days of the filing of the suit, Weis ceased printing non-compliant receipts. Def. Opp. at 4.  Nothing indicates that Weis has any intention or reason to again fail to comply with § 1681c(g).

Accordingly, neither injunctive[10] nor declaratory relief would be appropriate in the instant case.  Therefore, Rule 23(b)(2) does not provide a basis for class certification.

### 2.   Predominance and Superiority – Rule 23(b)(3)

Rule 23(b)(3) provides a class action may be maintained if:

> [T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and . . .
>
> a class action is superior to other available methods for fairly and efficiently adjudicating the controversy . . . .

### a.   Predominance

### (1)   Liability

In the instant case, Plaintiffs can establish a right to recovery for a class member by proving that Weis had been non-compliant with § 1681c(g), that the non-compliance was willful and that the class member was a "consumer" under § 1581n.

Weis concedes that it had been non-compliant with § 1581c(g). Moreover, it is undisputed that the question of Weis' willfulness vel non is common to all putative class members.

The class sought by Plaintiffs would consist of "all persons"

---

10    Weis contends that the Court could not properly provide injunctive relief in any event.  See Ramirez v. GM Mirage, Inc., 524 F. Supp 2d 1226, 1237 (D. Nev. 2007).

who received non-compliant receipts.  Thus, there would be an
individualized question presented as to each class member's status
as a "consumer."  However, in view of the simplicity of the "consumer
status" questions, the Court will assume that the common question
of whether Weis was willful predominates over the individualized
questions of consumer status.


(2)  <u>Damages</u>

If Plaintiffs establish that Weis willfully violated
§ 1681c(g), each consumer class member would be entitled
to recover (in addition to costs including legal fees):

> (1)  any actual damages sustained by the
>      consumer as a result of the failure or
>      damages of not less than $100 and not more
>      than $1,000; and
>
> (2)  such amount of punitive damages as the
>      court may allow.

§ 1681n.

There would have to be an individualized determination of the
amount, if any, of actual damages sustained by each consumer class
member.  Recognizing the impediment to class certification
presented by individualized damages determinations, Plaintiffs seek
a class that excludes "individuals who have suffered actual damages
due to identity theft caused by Defendant's FACTA violations."

The Court will assume that Plaintiffs could propose methods

satisfactorily to solve with the myriad of practical problems created by certifying the class that they seek.  For example, there would have to be consideration of consumers who suffered some, but less than $100, of actual damages and consumers who may have suffered actual damages in excess of $100 from causes other than, or in addition to, "identity theft caused by [Weis'] FACTA violations."

The Court will assume that the requested class would include only "consumers" who received violative receipts and would not have, or at least would agree not to claim, more than $100 in actual damages. However, the exclusion from the class of individuals who would claim more than $100 in actual damages would not eliminate the need for individualized damages determinations.

Plaintiffs contend that a jury could properly exercise its discretion and decide that every class member should received exactly the same amount of statutory damages by considering only matters common to all class members, i.e. only matters pertaining to Weis and common to each and every class member.  The Court does not agree with this contention.

There are, no doubt, factors common to each class member that a jury can consider in exercising its discretion to decide the amount of a statutory damage award.  However, the Court would not exclude from evidence, and jury consideration, matters pertinent to the exercise of discretion with respect to each individual class member.

11

A single example will suffice.  For example, a jury could properly consider, in deciding the discretionary amount between $100 and $1,000 to award a given class member, the number of times that class member was issued a non-compliant slip.  It can hardly be concluded that a onetime consumer customer would, necessarily, be awarded the same amount as an otherwise identical repetitive customer provided dozens of such receipts over an extensive period.

Plaintiffs also seek an award of punitive damages on behalf of the class members.  Certainly, the jury's decision to exercise its discretion to award punitive damages will be affected by considerations of common factors, i.e. those pertaining solely to Weis.  However, it is apparent that there could properly be consideration of individualized factors in deciding whether to award punitive damages and how much to award a given class member.  Indeed, as the Supreme Court has held, the amount of a punitive damage award must bear a relationship to the amount of actual damages sustained by the party receiving the punitive damages award. "The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree." <u>BMW of N. Am., Inc. v. Gore</u>, 517 U.S. 559, 580-81 (1996).

(3)   <u>Balance</u>

As to liability, there would be a slight predominance of common questions over individualized ones in view of the relative complexity of the willfulness issue and the relative simplicity of the "consumer status" issue.   However, as to the determination of damages, individualized questions substantially predominate.

Thus, considering together the issues relating to liability and damages, there is not a clear predominance of common questions that would lead the Court to certify the class sought by Plaintiffs.


b. <u>Superiority</u>

The Court, in deciding whether to certify the class sought by Plaintiffs, should consider Rule 23(b)(3)'s superiority requirement, which "ensures there is no other available method of handling [adjudication of the claims] which has greater practical advantages." <u>Harper v. Trans. Union, LLC, et al.</u>, 2006 WL 3762035, *9 (E.D. Pa. Dec. 20, 2006); Rule 23, Advisory Committee Note, 1966 Amendment to 23(3)(b).   Among the factors, a district court should consider in deciding whether a class action meets these requirements are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against

13

> members of the class; (C) the desirability or
> undesirability of concentrating the litigation
> of the claims in the particular forum; (d) the
> difficulties likely to be encountered in the
> management of a class action.

Rule 23(b)(3).  The Third Circuit has expanded on Rule 23(b)(3)'s

non-exclusive list to include an approach that also considers

superiority:

> from the point of view (1) of the judicial
> system, (2) of the potential class members, (3)
> of the present plaintiff, (4) of the attorneys
> for the litigants, (5) of the public at large
> and (6) of the defendant . . . [and] the issues.

Katz v. Carte Blanche Corp., 496 F.2d 747, 760 (3d Cir. 1974).

Class certification is a device aimed at preserving judicial

economy.  To achieve this, much discretion is afforded to the

district court, which means the 23(b)(3) elements are highly

susceptible to conflicting application.  As stated by Judge Chasanow

of this Court:

> [a]lthough easy to state, these prerequisites
> become rather opaque when an attempt is made to
> apply them . . . .  The truth is that if one reads
> fifty or even a hundred cases involving
> predominance and superiority, a clear picture
> of what is happening under Rule 23(b)(3) does
> not emerge.  A DaVinci or Michaelangelo could
> not draw a straight line through the subdivision
> (b)(3) cases.

Miller v. Optimum Choice, Inc., 2006 WL 2130640 at *6 (D. Md. 2006)

(quoting Arthur Raphael Miler, An Overview of Federal Class Actions

48)).

14

The Court concludes that, by no means, would a class action as requested by Plaintiffs be "superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23(b)(3).

Rather, the Court concludes that such a process would not be superior and, indeed, would be inferior to having the Plaintiffs herein proceed on their individual claims and, if they prevail, having them obtain whatever statutory and punitive damages might be awarded together with their costs, including reasonable legal fees. Should these Plaintiffs prevail on their willfulness claim, other similarly situated Weis customers would have the opportunity to file their own actions – for many, if not most, in a court that may be more convenient for them than the District of Maryland.  Moreover, it appears likely that Weis would be collaterally estopped from denying willfulness.  See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979).

### c. Additional Defense Contentions

Weis asserts that class certification should be denied on various grounds upon which this Court finds it unnecessary to rely. These include, for example, (1) the contention that § 1681n should be held unconstitutional in a class action context. Def. Opp. at 24-28; See Grimes. v. Rave Motion Pictures Birmingham, LLC, 552 F.

Supp. 2d 1302 (N.D. Ala. 2008); But see Murray v. GMAC Mortgage Corp., 434 F.3d 948, 953-54 (7th Cir. 2006); (2) the contention that the possibility of "annihilating results" disproportionate to any harm renders class certification inappropriate. Def. Opp. at 9-14; and (3) the alleged possibility of attorney abuse of the system. Id. at 14-16.

This Court is not basing its decision to deny certification upon such contentions.  Nor is the Court basing its decision upon any views as to how the statute might have been drafted "better" or whether the application of Rule 23 should be curtailed when a class action could cause a defendant found to have willfully violated a statute to incur a large liability.  The Court accepts the statute as enacted and Rule 23 as drafted, but concludes that it is not required to, should not, and will not, certify the class as requested by Plaintiffs.

III. CONCLUSION

For the foregoing reasons:

1.  Plaintiffs' Motion for Class Certification [Document 49] is DENIED.

2.  The case shall proceed on Plaintiffs' individual claims.

3.    Plaintiffs shall arrange a telephone conference to
      be held by March 20, 2009 to discuss the Scheduling
      Order to be issued herein.


SO ORDERED on <u>Wednesday, March 4, 2009</u>.




                          _____ / s /_____
                              Marvin J. Garbis
                          United States District Judge