**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| PATRICK and JEANNE STILLMOCK, JENNY BARNSTEIN, and LEONID OPACIC, *individually and on behalf of all others similarly situated,* | No. 1:07-cv-01342-MJG |
| *Plaintiffs,* | |
| v. | CONSOLIDATED ACTION |
| WEIS MARKETS, INC. and DOES 1-10, | |
| *Defendants.* | |

## SETTLEMENT AGREEMENT

Subject to the approval of the Court, Plaintiffs Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic ("Plaintiffs" or "Named Plaintiffs"), acting individually and on behalf of the Settlement Class as defined herein, and Defendant Weis Markets, Inc. ("Defendant") enter into this Settlement Agreement ("Agreement") as of this 31st day of March 2011.

### I. RECITALS

1.      Plaintiffs Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic filed class action Complaints against Defendant in May and June of 2007. The three Complaints were transferred to one docket in this Court and proceeded through class discovery and certification briefing together.

2.      Plaintiffs alleged, on behalf of themselves and a putative class of all others similarly situated, that Defendant violated FACTA (defined below) by printing receipts that contained the first six and last four digits of the Class Members' credit and/or debit card

numbers.[1]  Plaintiffs asserted claims for relief for willful violation of the truncation requirement pursuant to 15 U.S.C. § 1681(c)(g)(1) of FACTA.

3.      Defendant answered the Complaints, denied any wrongdoing or liability and asserted a number of defenses, including, but not limited to, the assertion that Defendant's conduct was not "willful" under FACTA and that Plaintiffs were therefore not entitled to statutory damages.

4.      The Parties conducted both formal and informal discovery and extensive research into the applicable law with respect to the claims and defenses and with respect to class certification issues.  Class Counsel reviewed documentation produced by Defendant, as well as documentation received pursuant to third party subpoenas.  Plaintiffs conducted a number of depositions of Defendant's corporate representatives and Defendant deposed all of the Named Plaintiffs.

5.      After briefing and oral argument, the Court entered an Order denying class certification on March 5, 2009.

6.      Plaintiffs appealed the denial of class certification pursuant to Fed. R. Civ. P. 23(f) and on July 1, 2010, the Court of Appeals for the Fourth Circuit vacated the District Court's denial of class certification and remanded the case for further proceedings.

7.      Pursuant to Court Order dated August 2, 2010, the parties filed supplemental briefs and reply briefs on class certification issues on September 24, 2010 and October 15, 2010, respectively.

---

[1]      FACTA provides, in relevant part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction" (the "truncation requirement").  15 U.S.C. § 1681c(g).  Congress applied the damages provision of the Fair Credit Reporting Act ("FCRA") to FACTA's truncation requirement, which provides statutory damages in an amount between $100-$1000 per consumer in the event of a willful violation.  15 U.S.C. § 1681n(a).  FACTA was enacted on December 3, 2003, but did not go into effect until January 1, 2005 for new credit card receipt printers and December 4, 2006 for all printers in use prior to January 1, 2005.

8.     On November 3, 2010, counsel for the parties participated in an oral argument regarding the class certification issues.

9.     Following oral argument, the Court deferred ruling on class certification and referred the case to Magistrate Judge Susan K. Gauvey for settlement negotiations.

10.     On January 5, 2011 and January 24, 2011, counsel for the Parties, and corporate representatives of Defendant, participated in day-long settlement conferences with Judge Gauvey, and reached a settlement in principle, which is memorialized in this Agreement (the "Settlement").

11.     The Parties recognize and acknowledge the benefits of settling this case. Plaintiffs believe that the claims asserted in this case have merit and that the evidence developed to date supports the claims.   Despite the strengths of their case, Plaintiffs are mindful of the problems of proof under, and possible defenses to, the claims in this matter, including their allegations concerning willfulness.   Plaintiffs further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this matter against Defendant through trial, post-trial proceedings and appeals.   Class Counsel have taken into account the uncertain outcome and risk of the litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appeals.   Class Counsel have, therefore, determined that the settlement set forth in this Agreement is fair, reasonable and adequate.   The Settlement confers substantial benefits upon, and is in the best interest of the Plaintiffs and the Settlement Class (hereafter defined).

12.     Defendant maintains that it has a number of meritorious defenses to the claims asserted in the Complaints.   Nevertheless, Defendant recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of

any additional appeals, and the disruption to its business operations arising out of this litigation. Defendant also recognizes the risk that a trial on class-wide claims might present to it. Accordingly, Defendant believes that the Settlement set forth in the Agreement is likewise in its best interests.

## II.    TERMS OF THE SETTLEMENT

13.   **Definitions:**

a.    "Claim Deadline" means the last date on which a potential Class Member may submit a Claim Form.  The Claim Deadline will be one hundred twenty (120) days from the entry of the Preliminary Approval Order.

b.    "Claim Form" means the form, substantially in the form attached hereto as Exhibit A, whether in electronic or "hard copy," that will be completed by the Class Members and submitted to the Settlement Administrator in order to receive a Voucher.

c.    "Class Counsel" means Richard S. Gordon, Martin E. Wolf and Katherine B. Bornstein of Quinn, Gordon & Wolf, Chtd., David A. Searles of Donovan Searles, LLC, James Maro of Barroway Topaz Kessler Meltzer & Check, LLP and Cory L. Zajdel of Z Law, LLC.

d.    "Class Members" means those consumers who fall within the definition of the Settlement Class and do not timely opt out as provided herein.

e.    "Class Period" means December 4, 2006 through and including June 7, 2007.

f.    "Complaints" means, collectively: (i) the Class Action Complaint filed by Plaintiffs Patrick and Jeanne Stillmock on May 21, 2007, Case No. 1:07-cv-01342-MJG (D. Md.); (ii) the Class Action Complaint filed by Plaintiff Jenny Barnstein on June 5, 2007, Case

No. 1:07-cv-01466-MJG   (D. Md.); and (iii) the Class Action Complaint filed by Plaintiff Leonid Opacic on May 31, 2007, Case No. 2:07-cv-02188-LS (E.D. Pa.).

       g.    "Court" means the United States District Court for the District of Maryland.

       h.    "Defendant" or "Weis Markets" means Weis Markets, Inc.

       i.    "Effective Date" means the date on which this Agreement becomes effective and shall be the first date on which all of the following conditions are satisfied:

       (i)    Execution of this Agreement by the Named Plaintiffs, Class Counsel, Defendant and Defendant's counsel;

       (ii)    Entry of the Final Approval Order by the Court of the Settlement embodied in this Agreement;

       (iii)    The earliest of the following occurs, either:  (A) no person objects to or intervenes in the Settlement; (B) the time for taking an appeal from the Final Approval Order and judgment has expired, without any appeal having been taken; or (C) if an appeal is taken, the highest court to which such appeal may be taken renders a decision in such a manner as to permit the implementation of this Agreement with its terms; and

       (iv)    Notwithstanding anything to the contrary in this Agreement, the Effective Date shall not be delayed if an appeal challenges only the amount of attorneys' fees awarded to Class Counsel and/or the Incentive Awards.

       j.    "FACTA" means the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681 *et seq.*

       k.    "Fairness Hearing" or "Final Approval Hearing" means a hearing to be held by the Court, on notice to the Settlement Class, to consider approval of the Settlement and

Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses, with costs and expenses not to exceed $14,000. The Parties will ask the Court to schedule a Fairness Hearing approximately ninety (90) days from the entry of the Preliminary Approval Order.

        l.    "Final Approval Order" means the Order granting Final Approval to the Settlement, which shall not be entered sooner than ninety (90) days after the appropriate state and federal officials have been served with notice of the settlement pursuant to 28 U.S.C. § 1715(b). Defendant agrees to provide the Court and Class Counsel promptly with the dates on which said notices were served.

        m.    "Incentive Awards" means the monetary amount awarded by the District Court in recognition of the assistance provided by the Named Plaintiffs in the prosecution of this action, and for which Class Counsel shall ask for an amount not to exceed $2,500 per Named Plaintiff.

        n.    "Individual Settlement Amount" means the final amount of Weis Markets store credit to be allocated to each Class Member in the form of a Voucher. The Individual Settlement Amount will be up to $7.50 per Class Member. If, however, the total value of Vouchers at an Individual Settlement Amount of $7.50 per Class Member, in addition to the other payments Defendant is required to make pursuant to this Settlement Agreement, would exceed a total of $2,000,000 (Two Million Dollars) (the "Settlement Cap"), then the amount of each Individual Settlement Amount will be decreased on a *pro rata* basis, so that each Class Member will receive the same amount per Voucher and the total amount Defendant is required to pay pursuant to this Settlement Agreement will not exceed the Settlement Cap. The Settlement Administrator is charged with determining the Individual Settlement Amount and

will have calculated the final determination of the Individual Settlement Amount not later than fourteen (14) days following the Claim Deadline.

o. "Lead Counsel" or "Lead Class Counsel" means Richard S. Gordon, Martin E. Wolf and Katherine B. Bornstein of Quinn, Gordon & Wolf, Chtd.

p. "Parties" means Named Plaintiffs and Defendant.

q. "Plaintiffs" or "Named Plaintiffs" means the named Plaintiffs, Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic.

r. "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

s. "Preliminary Approval Order" means the Order, preliminarily approving the Settlement, provisionally certifying the Settlement Class, and approving the Notices to potential Class Members.

t. "Released Claims" means and includes any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether or not now known, suspected or claimed, that were asserted, or could have been asserted by Plaintiffs in this action, or that could have been asserted by any Class Member, that relate to or arise out of the allegations of the Complaints. No claims relating to actual damages suffered as a result of Defendant's conduct are released as a result of this Settlement, unless a Class Member chooses to waive those claims in order to participate in the Settlement by submitting a Claim Form.

u. "Released Persons" means the defendants in the Complaints and their parents, subsidiaries, affiliates, predecessors, successors and assigns as well as all of their

respective, current and former officers, directors, owners, employees, agents, attorneys and insurers.

v.      "Settlement Administrator" means any person or entity agreed upon by the Parties and appointed by the Court to perform the role of Settlement Administrator.

w.      "Settlement Class" or "Class" is defined as follows:

All persons in the United States who, at any time during the Class Period, received from Defendant at any of its retail locations, an electronically printed receipt at the point of sale or transaction which contained more than the five last digits of the person's credit or debit card number.

Excluded from the Settlement Class are all consumers who have actual damages they allege to have been caused by Defendant's alleged FACTA violations and who do not waive such damages by submitting a Claim Form, and all individuals who are now or have ever been executives of Defendant.  Subject to Court approval, the class representatives of the Settlement Class shall be the Named Plaintiffs.  Notwithstanding the exclusions set forth herein, the parties are unaware of any person who has or alleges to have actual damages caused by Defendant's alleged FACTA violations.

x.      "Voucher" means the form or thing that provides value in the Individual Settlement Amount and may be used at any Weis Markets retail location that each Class Member will be entitled to receive upon properly submitting, on or before the Claim Deadline, a Claim Form that the Claims Administrator verifies.  Class Members who properly submit Claim Forms on or before the Claim Deadline and whose claims are verified by the Claims Administrator may receive Vouchers from a website to be maintained by the Settlement Administrator or via the U.S. Mail from the Settlement Administrator.  Vouchers will be freely transferrable and may be used to purchase any item(s) at any Weis Markets retail location, except as prohibited by law.  Prohibited items include:  postage stamps, money orders, milk,

cream, lottery tickets, cigarettes, tobacco products, gift cards, alcoholic beverages, gasoline purchases, prescriptions, phone and utility payments, taxes and Western Union. The Vouchers will not be redeemable for cash. Vouchers will be available not later than thirty (30) days after the Claim Deadline. Vouchers must be redeemed within one hundred eighty (180) days of the date on which they are first made available.

14.      **Class Action**. The Parties agree that this action may be certified as a class action under Fed. R. Civ. P. 23(a) and (b)(3) in accordance with the terms of this Agreement and without prejudice to Defendant's right to contest class certification in the event that this Agreement is not fully implemented in accordance with its terms. If the Settlement is not approved or the Settlement Agreement fails to be fully implemented, Defendant reserves all of its rights to object to any subsequent motion to certify a class in this lawsuit and no representation or concession made in connection with the Settlement or in this Agreement shall be considered law of the case or an admission by Defendant or give rise to any form of estoppel or waiver by Defendant in this action or any other proceeding. No representation or concession made in connection with the Settlement or in this Agreement shall be considered to have any kind of preclusive effect against Defendant or to be an admission by Defendant or to give rise to any form of estoppel or waiver by Defendant in any other proceeding.

15.      **Class Counsel**. The Parties agree, subject to Court approval, that Richard S. Gordon, Martin E. Wolf and Katherine B. Bornstein of Quinn, Gordon & Wolf, Chtd. (as Lead Counsel), David A. Searles of Donovan Searles, LLC, James Maro of Barroway Topaz Kessler Meltzer & Check, LLP and Cory L. Zajdel of Z Law, LLC, shall be appointed Class Counsel, without prejudice to Defendant's right to contest the appointment of some or all of them as Class Counsel in the event that this Agreement is not fully implemented in accordance with its

terms. If the Settlement is not approved or this Agreement fails to be fully implemented, Defendant reserves all of its rights to object to any subsequent motion to appoint class counsel in this action.

16.     **Settlement Administrator**.  The Settlement Administrator will be responsible for: (a) maintaining a website for the purposes of Notice and Claim Form administration; (b) providing blank Claim Forms by mail to those Class Members who request one; (c) collecting completed Claim Forms that are submitted using means other than via the secure website; (d) compiling  a list of Class Members who submit properly completed Claim Forms and verifying that Weis Markets Club Card members appear on the list generated by Weis Markets of those using their Club Cards during the Class Period and otherwise verifying the accuracy and completeness of the Claim Forms; (e) distributing Vouchers to Class Members who submitted Claim Forms on or before the Claim Deadline; and (f) calculating the *pro rata* share to be awarded to Class Members (*i.e.,* the Individual Settlement Amount) in the event the number of Class Members who submit Claim Forms exceeds the number that would permit each Class Member to be awarded a $7.50 Voucher.  Defendant will pay all costs relating to the Settlement Administrator, which costs are chargeable by Defendant against the "Settlement Cap."

17.     **Notice**.   The Parties have agreed to two forms of Notice of Proposed Class Action Settlement that the Parties believe comply with the requirements of Fed. R. Civ. P. 23 and due process, subject to Court approval, and which are attached hereto as Exhibit B.

a.     A Summary Notice (Exhibit B-1) will be published in Weis Markets circulars, contained in Weis Markets' mailings of such circulars, as they are distributed in the ordinary course of business.  The Summary Notice will be published three times: Week 1

(within 30 days following entry of the Preliminary Approval Order), Week 3 and Week 5, thereafter.    The Summary Notice must also be available at store entrances, or in another prominent place in each Weis Markets retail location.

        b.    A Long-Form Notice (Exhibit B-2) will be posted on a website as described below.

        c.    No later than twenty (20) days prior to the Final Approval Hearing, the Settlement Administrator will provide Class Counsel with a sworn statement evidencing compliance with the provisions of this Order concerning the distribution of the notice provisions of this paragraph 17.

    18.   **Website**.  The Settlement Administrator will set up and maintain a website that provides for the submission of and the acceptance of Claim Forms and printing of Vouchers during the time periods stated herein.  The Website will also contain the Long-Form Notice, this Settlement Agreement, Class Counsel's contact information and certain pleadings from this action, such as the Complaints, Defendant's Answers, the Motion for Class Certification and Defendant's opposition, and the decision of the Court of Appeals for the Fourth Circuit, No. 09-1632, 385 Fed. Appx. 267 (4th Cir. July 1, 2010).

    19.   **Classwide Equitable Relief**.  Defendant represents and warrants that, no later than June 7, 2007, its point of sale equipment complied with FACTA's truncation requirement and Weis Markets has been fully compliant with FACTA's truncation requirement since that date. As a term of this settlement, Defendant agrees that following service of the first of the Complaints, it took prompt steps to assure the cessation of the practice of printing more than the five last digits of a consumer's credit or debit card number.

20.     **Vouchers**.  In full and complete settlement of the Released Claims, each Class Member who submits, on or before the Claim Deadline, a properly completed Claim Form, which is verified by the Settlement Administrator, is entitled to one Voucher in the Individual Settlement Amount for use at any Weis Markets retail location, subject to the limitations described herein.  Vouchers will be valid for 180 days from the date on which they are first made available.

21.     **Settlement Cap.**  The total amount to be paid by Defendant will not exceed $2,000,000 (Two Million Dollars), and shall include the payments contained in Paragraph 22.

22.     **Defendant's Settlement Payments.**  The following will be paid by Defendants:

a.      The Individual Settlement Amount in the form of a Weis Markets Voucher to each Class Member who submits, ***on or before the Claim Deadline***, a properly completed Claim Form, ***which is verified by the Settlement Administrator;***

b.      Payment of Class Counsel's costs and expenses of litigation to the extent allowed and approved by the Court, not to exceed the amount set forth in paragraph 13(k) above;

c.      Class Counsel attorneys' fees in such amount as may be approved by the Court, not to exceed $495,000 (Four Hundred Ninety-Five Thousand Dollars);

d.      Incentive Awards to each Named Plaintiff in the amount awarded by the District Court, not to exceed $2,500 (Two Thousand Five Hundred Dollars) per Named Plaintiff; and

e.      Costs of notice and administration, including all costs relating to the Settlement Administrator.

23.     **Class Counsel Attorneys' Fees.**  Defendant will not oppose or object to a request for, and agrees to pay to Lead Counsel on behalf of Class Counsel, subject to Court

approval, up to $495,000.00 in fees, plus costs and expenses of litigation, not to exceed the amount set forth in paragraph 13(k) above, as approved by the Court. Defendant agrees to pay these amounts, as approved by the Court, to Lead Counsel within five (5) days of the Effective Date. Notwithstanding anything contained in this agreement that might be construed to the contrary, it is understood by the Parties hereto and Class Counsel that Class Counsel Attorneys' Fees, along with costs and expenses as defined in paragraph 13(k) above, in the amount awarded by the Court, are the only fees, costs and expense that Weis Markets will pay in connection with this settlement. Defendant shall not be liable for any other litigation cost, expense or attorneys' fee except as expressly provided in this agreement and subsequently awarded by the Court.

24. **Incentive Awards**. Defendant agrees that Class Counsel may file a motion, which Defendant will not oppose, seeking that $2,500 (Two Thousand Five Hundred Dollars) be paid to each Named Plaintiff within five (5) days of the Effective Date. Upon Court approval, Defendant agrees to pay to Class Counsel such amount as the Court awards.

25. **Distribution to Class Members**.

Each Class Member who submits a properly completed Claim Form on or before the Claim Deadline will receive the Individual Settlement Amount in the form of a Voucher, to be used at any Weis Markets retail location, subject to the limitations described herein.

26. **Full and Final Settlement**. The Parties agree that this action is being voluntarily settled after consultation with experienced legal counsel and that terms of the Settlement Agreement were negotiated at arm's length and in good faith. The Parties intend the Settlement to be a final and complete resolution of the Released Claims. In order to effectuate

that purpose, the Parties agree to cooperate with one another and use their best efforts to obtain Court approval of the Settlement and this Agreement.

27. **Releases**. Upon the Effective Date of the Settlement, and without any further action by the Court or by any Party to this Agreement, Plaintiffs and the Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons.

28. **Defendant's Covenant Not to Sue**. With the exception of such action as may be necessary to enforce the terms of this Agreement, Defendant covenants and agrees that neither it nor any of its successors, assigns, agents or employees will sue or maintain any action at law or in equity against the Plaintiff, Class Counsel or any Class Member that relates to or arises out of the initiation or conduct of this litigation, including, but not limited to, any and all claims for attorneys' fees and costs incurred in defending this action.

## III.      PROCEDURES FOR EFFECTUATING SETTLEMENT

29. **Preliminary Approval**.

a. Promptly after execution of this Agreement, Plaintiffs will move the Court for an order preliminarily approving this Agreement and providing for Notice to the Class of the pendency of the Settlement, substantially in the form of Exhibit B to this Agreement, as described in Paragraph 17, and:

(i)      certifying the Settlement Class, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a)(1)-(4), 23(b)(3), with Named Plaintiffs as the named class representatives and Class Counsel as counsel for Plaintiffs and the Settlement Class;

(ii)      setting the Fairness Hearing, upon notice to the Settlement Class, to consider: (1) whether the Settlement should be approved as fair, reasonable and adequate to the Class, and dismissing the Released Claims of the Settlement Class against the Released Persons on the merits with prejudice; and (2) Class Counsel's Motion for an award of attorneys' fees, payments of costs and expenses and the Incentive Payments.  Class Counsel will file motions on these issues ten (10) days prior to the date of the Fairness Hearing.

b.      Upon the filing of Plaintiff's Motion for Preliminary Approval, Defendant will file notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the costs of such notice to be chargeable against the Settlement Cap.

30.      Subject to Court Order so providing, the Parties agree that:

a.      **Opt Out Option**.  Any potential Class Member, other than any Named Plaintiff, may elect to be excluded from this Settlement and from the Class by opting out of the Class.  Any potential Class Member who desires to be excluded from the Class must give written notice of the election to be excluded on or before the date specified in the Notices described in Paragraph 17, with copies mailed to Lead Class Counsel and to Defendant's counsel.  The last date for Class Members to opt out of the Settlement, subject to Court approval, will be 75 (seventy-five) days after the entry of the Preliminary Approval Order. Class Members who timely opt out of the Settlement will not be bound by the terms of this Agreement, including any releases contained herein.

b.      **Objections**.  Any Class Member who wishes to object to the Settlement must file a written objection and/or a notice of intention to appear with the Court, and serve copies on Class Counsel and Defendant's Counsel.  An objection must set forth in writing a brief, informal statement of the objection, the reasons for the objection, and copies of any papers that the objector intends to present to the Court in support of the objection during the Fairness Hearing. The last day for Class Members to object to the Settlement will be 75 (seventy-five) days after the entry of the Preliminary Approval Order.

31.      **Approval of the Court**.  This Agreement and the Settlement embodied herein are subject to Final Approval by the Court.  If the Settlement is approved, the Court will enter a judgment dismissing the claims against Defendant with prejudice.  However, if this Agreement or any part of it is materially modified by the Court or is materially modified upon appeal or remand, either Party may terminate this Agreement pursuant to Paragraph 33(b).  If no Party timely elects to terminate, then the Parties shall remain bound to proceed with the Settlement, as so modified.   For purposes of this paragraph, a "material modification" is one which significantly affects the substantive rights and/or obligations of one or more of the Parties. Without limiting the foregoing, (a) any change to the scope of the release set forth in this Agreement; or (b) any change to the Final Approval Order, or (c) any increase in the cost of the Settlement to be borne by Defendant shall be deemed to be a material modification.  No order or action of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a material modification so long as such order, action or modification does not increase the cost of Settlement to be borne by Defendant and does not require that Defendant do anything which is not specifically set forth herein.  Similarly, no order or action of the Court pertaining to the Incentive Awards shall be considered to constitute a material modification so long as such

order, action or modification does not increase the cost of Settlement to be borne by Defendant and does not require that Defendant do anything which is not specifically set forth herein.  Any dispute as to the materiality of any modification or proposed modification of this Agreement by the Court shall be resolved by the Court.

32.     **Termination of Agreement**.  This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; (b) at the election of either Party, in the event any court materially modifies (or proposes to materially modify) this Agreement as a condition to approval of the Settlement, provided that the terminating Party provides written notice to the other Party within two weeks of any such modification (or proposed modification); (c) prior to approval of this Agreement by the Court, upon the mutual agreement of the Parties by and through their respective counsel.

33.     **Effect of Termination of Agreement**.  If this Agreement is terminated or canceled, all of the Parties shall be deemed to have reverted to their respective status as of November 8, 2010, and they shall proceed in all respects as if this Agreement had not been executed and the related Orders had not been entered, preserving in that event all of their respective claims and defenses in this case.

## IV.     MISCELLANEOUS PROVISIONS

34.     **Attorneys' Fees**.  All attorneys' fees, costs, expenses and disbursements on behalf of, by or to Class Counsel shall be paid in accordance with Paragraphs 22 and 23 of this Agreement or in such other amount and manner as the Court may direct.

35.     **Costs**.  Except as otherwise provided in this Agreement, each Party shall bear its own costs.

36. **Entire Agreement**. This Agreement, together with Exhibits A and B, constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement, and supersedes all prior negotiations, communications, and agreements between the Parties. Neither Named Plaintiffs nor Defendant are entering into this Agreement in reliance upon any representations, warranties or inducements other than the representations and covenants contained in this Agreement.

37. **Amendments**. This Agreement may be modified or amended only by (a) an order of the Court, or (b) a written agreement signed by (i) Lead Class Counsel, and (ii) Defendant or Defendant's counsel.

38. **Extensions of Time**. The Parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the Agreement.

39. **Plaintiffs' Authority**. Class Counsel, on behalf of the Class Members, are expressly authorized to take all appropriate actions required or permitted to be taken by the Class pursuant to this Agreement in order to effectuate the terms hereof and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Class Members.

40. **Counterparts**. This Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves original executed counterparts and a complete set of original executed counterparts shall be filed with the Court in connection with the motion to approve the Settlement, except that a photographic copy of the signatures shall be sufficient if this Agreement is filed electronically as an exhibit to Plaintiffs' Motion for Preliminary Approval.

41.     **Cooperation**.  Defendant and Class Counsel shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities.  Defendant and Class Counsel will also reasonably cooperate with each other so that both sides may adequately monitor all aspects of this Agreement.  Neither Plaintiffs nor Defendant shall seek to evade their good faith obligation to seek approval and implementation of this Agreement on the basis of any ruling, order, governmental report, change in the financial condition of any Party, or any other development, whether in this action or in any other litigation, or otherwise, that might hereafter occur and might be seen as altering the relative strengths of the Parties with respect to any claim or defense, or their relative bargaining power with respect to negotiating a settlement, other than as permitted in this Agreement.

42.     **Action by Class Counsel**.  Whenever the terms of this Agreement and/or the Settlement embodied herein provide and/or require that any action be taken by or approved by Class Counsel, it will be sufficient if Lead Counsel takes or approves such action.  Whenever the terms of this Agreement and/or the Settlement embodied herein require the signature of Class Counsel, the signature of any one of the Lead Counsel shall be sufficient.

43.     **Binding Nature**.  This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the Parties.

44.     **Construing the Agreement**.  This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties.  It is recognized that this Agreement is the result of arm's-length negotiations between the Parties and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement.

45.     **Applicable Law**.   This Agreement shall be governed by and interpreted in accordance with the laws of the State of Maryland, exclusive of choice of law principles and applicable federal law.

46.     **Headings**.   The captions and paragraph headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

47.     **Jurisdiction**.   The Parties submit to the jurisdiction of the United States District Court for the District of Maryland for the purpose of enforcing this Agreement and/or implementing the Settlement embodied in this Agreement.


(*Signature Page Follows*)

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and/or caused this Agreement to be executed by their duly authorized attorneys, as of the day and year written below.

Date: March 31, 2011

FOR THE PROPOSED CLASS:          FOR THE DEFENDANT:

WEIS MARKETS, INC.

By:_____     By:_____
    Martin E. Wolf, Lead Class Counsel     Harold G. Graber, Authorized Agent
                             /SVP Real Estate and Development

                             By:_____
                             Charles M. Hart, Attorney for Defendant

By: _____
    Jenny Barnstein, individually
and for the proposed class

By: _____
    Leonid Opacic, individually
and for the proposed class

By: _____
    Patrick Stillmock, individually
and for the proposed class

By: _____
    Jeanne Stillmock, individually
and for the proposed class

21

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and/or caused this Agreement to be executed by their duly authorized attorneys, as of the day and year written below.

Date: March ___, 2011


FOR THE PROPOSED CLASS:

By: _____
    Martin E.  Wolf, Lead Class Counsel



By: _____
    Jenny Barnstein, individually
and for the proposed class


By: _____
    Leonid Opacic, individually
and for the proposed class



By: _____
    Patrick Stillmock, individually
and for the proposed class



By: _____
    Jeanne Stillmock, individually
and for the proposed class

FOR THE DEFENDANT:

WEIS MARKETS, INC.


By:_____
    _____, Authorized Agent


By:_____
    Charles M. Hart, Attorney for Defendant

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and/or caused this Agreement to be executed by their duly authorized attorneys, as of the day and year written below.

Date: March ___, 2011


FOR THE PROPOSED CLASS:          FOR THE DEFENDANT:

                                 WEIS MARKETS, INC.


By:_____      By:_____
    Martin E.  Wolf, Lead Class Counsel      _____, Authorized Agent


                                 By:_____
                                     Charles M. Hart, Attorney for Defendant

By: _____
    Jenny Barnstein, individually
and for the proposed class


By: _____
    Leonid Opacic, individually
and for the proposed class


By:_____
    Patrick Stillmock, individually
and for the proposed class


By: _____
    Jeanne Stillmock, individually
and for the proposed class

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and/or caused this Agreement to be executed by their duly authorized attorneys, as of the day and year written below.

Date: March 21, 2011

FOR THE PROPOSED CLASS:

By: _____
    Martin E. Wolf, Lead Class Counsel

By: _____
    Jenny Barnstein, individually
and for the proposed class

By: _____
    Leonid Opacic, individually
and for the proposed class

By: _____
    Patrick Stillmock, individually
and for the proposed class

By: _____
    Jeanne Stillmock, individually
and for the proposed class

FOR THE DEFENDANT:

WEIS MARKETS, INC.

By: _____
_____, Authorized Agent

By: _____
    Charles M. Hart, Attorney for Defendant

21

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and/or caused this Agreement to be executed by their duly authorized attorneys, as of the day and year written below.

Date: March ___, 2011

FOR THE PROPOSED CLASS:                    FOR THE DEFENDANT:

                                           WEIS MARKETS, INC.

By:_____       By:_____
    Martin E. Wolf, Lead Class Counsel         _____, Authorized Agent


                                           By:_____
                                               Charles M. Hart, Attorney for Defendant

*By: _____*
    ***Jenny Barnstein, individually***
***and for the proposed class***

*By: Leonid Opacic _____*
    ***Leonid Opacic, individually***
***and for the proposed class***


*By: _____*
    ***Patrick Stillmock, individually***
***and for the proposed class***


*By: _____*
    ***Jeanne Stillmock, individually***
***and for the proposed class***

21

# EXHIBIT A

**Weis Markets FACTA Settlement**
**Claim Certification Form**

This completed Settlement Claim Form must be submitted electronically at
www.weismarketssettlement.com **no later than DATE**
OR completed in writing and postmarked **no later than DATE** to:

Weis Markets FACTA Settlement
c/o RG/2 Claims Administration, LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

Please provide the following information:

Name:_____

Address:_____

City:_____ State: _____ Zip:_____

E-mail Address:(if you have one):
_____

Phone Number:  _____

In order to participate in the Settlement, you must verify that you are a member of the Class.
Complete the section below that applies to you.  **Complete only one section.**

**Section 1.**

If you used a personal credit or debit card and a Weis Markets Club Card to make a
purchase between the dates of December 4, 2006 and June 7, 2007 (inclusive) , and received a
paper receipt at the time, set forth your Club Card number here:  _____ .  Your
Club Card number can be found on the Club Card or key fob.  If your Club Card number
corresponds to our records, you will be notified that you are entitled to receive a voucher.

I voluntarily waive any right I may have or ever have had to assert a claim for actual
damages against Weis Markets, Inc., as a result of the printing of more than the last five digits of
my credit card or debit card account number or expiration date on any Weis Markets receipt.

Signature:_____

**Section 2.**

If you did not have or did not use a Weis Markets Club Card during the Class Period, or you have lost your Club Card, you must complete this section to file a claim:

I verify that I made a purchase at a Weis Markets store between the dates of December 4, 2006 and June 7, 2007 (inclusive) in payment for which I used a personal credit card or a personal debit card and received a paper receipt at the time. I further verify that I have accurately entered my name and current address above and that I did not use a Club Card or have lost the Club Card that I used to make the purchase(s) that I am verifying.

I voluntarily waive any right I may have or ever have had to assert a claim for actual damages against Weis Markets, Inc., as a result of the printing of more than the last five digits of my credit card or debit card account number or expiration date on any Weis Markets receipt.

I verify under penalty of perjury that the foregoing is true and correct. Executed on (Date) _____. [BE SURE TO DATE THIS FORM HERE IF COMPLETING THIS SECTION 2– UNDATED FORMS MAY BE REJECTED BY THE SETTLEMENT ADMINISTRATOR]

Signature:_____

# EXHIBIT B-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

STILLMOCK *et al.* v. WEIS MARKETS, INC.

NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT

TO:  All consumers who made a purchase at a Weis Markets, Mr. Z's Supermarket, King's Supermarket, Scot's Lo Cost, or SuperPetz pet store from December 4, 2006 through June 7, 2007 using a credit or debit card and received a paper receipt. – **YOU MAY BE ELIGIBLE TO RECEIVE A VOUCHER THAT CAN BE USED AT A WEIS MARKETS STORE**.

This notice is being distributed to inform you that your rights may be affected by a proposed settlement of a lawsuit currently pending in federal court in Baltimore, Maryland that was brought as a class action on behalf of certain customers of Weis Markets, Mr. Z's Supermarket, King's Supermarket, Scot's Lo Cost, and SuperPetz pet stores (referred to collectively as "Weis Markets").  The case concerns paper receipts printed from December 4, 2006 through and including June 7, 2007 at Weis Markets that allegedly contained more digits of the credit or debit card account number than was permissible once the federal Fair and Accurate Credit Transactions Act went into effect.  Weis Markets denies liability.  The parties have, however, agreed to settle these claims to avoid the risks of further litigation.

Under the proposed settlement, eligible consumers who timely submit accurately completed claim forms will be entitled to receive a voucher in an amount up to seven dollars and fifty cents ($7.50) redeemable at any Weis Markets location, subject to certain legal restrictions, as set forth in the settlement agreement.  If the Court approves the settlement, you will release certain claims against Weis Markets, as described in the settlement agreement, unless you Opt Out of the Class on or before the deadline set by the Court, by following the procedures in the settlement agreement.  For more information, including copies of the settlement agreement, the full version of this notice and relevant court filings, please visit www.TBA.com.

**IN ORDER TO RECEIVE A VOUCHER, YOU MUST SUBMIT A CLAIM FORM ON OR BEFORE INSERT DATE.**  You may obtain and submit a claim form electronically on www.TBA.com. If you do not have internet access, you may obtain the full version of the notice and claim form by calling or writing to the Settlement Administrator, whose contact information is: _____.

If you have any questions regarding the settlement, please visit www.TBA.com or contact Quinn, Gordon & Wolf, Chtd., 102 W. Pennsylvania Ave., Ste. 402, Baltimore, MD 21204, (410) 825-3200, via mail or telephone.  PLEASE DO NOT CONTACT THE COURT; THE COURT WILL NOT ANSWER YOUR QUESTIONS.

**EXHIBIT B-1**

# EXHIBIT B-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| PATRICK and JEANNE STILLMOCK, JENNY BARNSTEIN, and LEONID OPACIC, *individually and on behalf of all others similarly situated,* | No. 1:07-cv-01342-MJG |
| Plaintiffs, | |
| v. | CONSOLIDATED ACTION |
| WEIS MARKETS, INC. and DOES 1-10, | |
| Defendants. | |

**LONG FORM NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

**EXHIBIT B-2**

## NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

TO:   All consumers in the United States who, at any time from December 4, 2006 through June 7, 2007, made a purchase at a Weis Markets, Mr. Z's Supermarket, King's Supermarket, Scot's Lo Cost, or SuperPetz pet store using a credit or debit card and received a paper receipt.

**PLEASE TAKE NOTICE** that there is now pending in the United States District Court for the District of Maryland the above-captioned lawsuit which has been brought as a class action on behalf of certain customers of Weis Markets, Mr. Z's Supermarket, King's Supermarket, Scot's Lo Cost, and SuperPetz pet stores (referred to collectively as "Weis Markets").

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  THIS IS NOT A LAWSUIT AGAINST YOU.**

### What is The Case About?

The representative Plaintiffs allege that from December 4, 2006 through and including June 7, 2007 (the "Class Period"), Weis Markets printed point of sale receipts that contained the first six and last four digits of the Class Members' credit and/or debit card numbers, in violation of FACTA, a federal law.  Weis Markets does not deny that it printed receipts containing more than the last five digits of consumers' credit and debit card account numbers during some or all of this time period, but it denies liability to the representative Plaintiffs or the proposed Class.

### What is the Purpose of This Notice?

This Notice advises Class Members of a proposed settlement between the Plaintiffs and the Defendant.  **THIS NOTICE IS BEING PUBLISHED SO THAT POTENTIAL CLASS MEMBERS CAN CONSIDER THEIR LEGAL RIGHTS, INCLUDING THE RIGHT TO SUBMIT A CLAIM IN THE SETTLEMENT.**  This notice provides only a summary of the settlement and Class Members' rights.  The Settlement Agreement signed by the Parties is available online at www.TBAcom.

### Who is in the Class?

 A settlement has been reached between Plaintiffs and Defendant which will conclude the class action litigation by the issuance of Vouchers to eligible Class Members and will release Class Members' claims against the Defendant based on the electronic printing of receipts containing more that last five digits of the Class members' credit and/or debit card numbers.  For purposes of the settlement, the Court has certified the following class:

All persons in the United States who, at any time during the Class Period, received from Defendant at any of its retail locations, an electronically printed

2

receipt at the point of sale or transaction which contained more than the five last digits of the person's credit or debit card number.

Excluded from the Settlement Class are all consumers who believe they have actual damages caused by the alleged FACTA violations and who do not waive such damages by submitting a Claim Form, and all individuals who are now or have ever been executives of Defendant. Notwithstanding these exclusions, neither the named plaintiffs in this case nor Weis Markets are aware of anyone who alleges to have actual damages caused by the alleged FACTA violations and Weis Markets believes that there is no such person.

If you are a member of this Settlement Class your rights are being determined in this case.

## How Do I Determine if I Am a Class Member?

If you used a credit or debit card to make a purchase at any Weis Markets retail location from December 4, 2006 through June 7, 2007, and received an electronically printed receipt, you are a Class Member, unless you are among those excluded in the preceding paragraph or you choose to opt out of the Settlement, as described below.  In order to receive your Weis Markets Voucher, you must submit a completed Claim Form, as described below.

## Why is the Case Being Settled?

After almost four years of litigation, including extensive investigation into the facts and claims of the case, lengthy settlement and mediation discussions, and an appeal to the United States Court of Appeals for the Fourth Circuit, Class Counsel believe that the Settlement provides reasonable and valuable benefits to the Class.  Had the case proceeded to trial, there would have been many uncertainties, including defenses that Defendant would have raised against Plaintiffs' claims such that Plaintiffs might not have prevailed in the lawsuit.  In addition, lengthy appeals were likely and the final results of those appeals uncertain.

While the Defendant denies all of the claims asserted against it and disclaims any wrongdoing, the Defendant also considers a settlement and dismissal of this litigation to be desirable because the Settlement will avoid further expenses of litigation, will permit the continued operation of business unhindered by the drain on time and resources that complex litigation involves, and will put to rest all claims asserted in the litigation.

The Parties arrived at this settlement before any of Plaintiffs' claims, or Defendant's defenses, were tried on the merits.  Accordingly, there has been no finding that the Defendant violated any law in their conduct toward Plaintiffs or other Class Members.

## Who Are the Attorneys Representing the Class?

The Court has appointed individuals from the following law firms as counsel for the Class ("Class Counsel"):

3

Martin E. Wolf
Richard S. Gordon
Katherine B. Bornstein
QUINN, GORDON & WOLF, CHTD.
102 West Pennsylvania Avenue, Suite 402
Towson, MD 21204
(410) 825-2300

David A. Searles
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

James Maro
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

Cory L. Zajdel
Z Law, LLC
10811 Red Run Blvd., Suite #204
Owings Mills, MD 21117
(443) 213-1977

## What is the Proposed Settlement?

On March 31, 2011, Plaintiffs and Defendant, through their respective counsel, entered into a written Settlement Agreement pursuant to which Defendant has agreed to provide Vouchers to be used at Weis Markets retail locations to all Class Members who timely submit accurately completed Claim Forms.

Being a Class Member means that, if the Settlement is approved by the Court, you will have the right to participate in the settlement benefits and will be bound by the Court's final determination of the case, including the release of any claims you might bring in the future against Weis Markets arising from or related to the printing of more than the last five digits of a credit or debit card or the expiration date on an electronic point of sale receipt.

## What are the Proposed Settlement Benefits?

If the Settlement is approved by the Court, Class Members will receive a Voucher to be used at any Weis Markets retail location in an amount up to $7.50. Vouchers will be freely transferrable and may be used to purchase any item(s) at any Weis Markets retail location, except as prohibited by law. Prohibited items include: postage stamps, money orders, milk, cream, lottery

4

tickets, cigarettes, tobacco products, gift cards, alcoholic beverages, gasoline purchases, prescriptions, phone and utility payments, taxes and Western Union. The Vouchers will not be redeemable for cash. Vouchers will be distributed within thirty (30) days after the Claim Deadline. Vouchers must be redeemed within one hundred eighty (180) days of the date on which they are first made available.

## Release of Claims

If the Settlement is approved and you are a Class Member and do not Opt Out of the Settlement, even if you do not submit a Claim Form, you will release: any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether or not now known, suspected or claimed, that were asserted, or could have been asserted by Plaintiffs in this action, or that could have been asserted by any Class Member, that relate to or arise out of the allegations of the Complaints. No claims relating to actual damages suffered as a result of Defendant's conduct are released as a result of this Settlement, unless a Class Member chooses to waive those claims in order to participate in the Settlement. The full terms of the Settlement Agreement and release are available for your review by going to www.TBA.com.

### Do I Need to Submit a Claim?

Yes. If you wish to receive your Voucher for credit at any Weis Markets retail location, you are required to submit a Claim Form.

## How Do I Submit a Claim?

INSTRUCTIONS FOR SUBMITTING A CLAIM:

1)   **Review the documents provided online at www.TBA.com.**

2)   **Fill out and sign the Claim Form.**

3)   **Submit the completed Claim Form directly at www.TBA.com prior to [DATE] By following the "Submit a Claim" link online. You may submit only one Claim per credit or debit card you used during the period from December 4, 2006 through June 7, 2007.**

In order to submit a Claim, you will need to provide your name, address, telephone number, and, if you were a Weis Markets Club Card member during the Class Period, your Club Card number. If you were not a Club Card member, you must affirm under penalty of perjury that you used a credit or debit card at a Weis Markets retail location during the period from December 4, 2006 through June 7, 2007 and received a paper receipt.

If you cannot access the Claim Form online, you may obtain a claim form by contacting the Settlement Administrator in writing at the following address:

5

TBA

**If you cannot submit the Claim Form electronically, you must mail the completed claim form to the address provided on the form prior to [DATE].** To participate in the Settlement, your claim must be postmarked by INSERT. **IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS AND DO NOT SUBMIT A CLAIM FORM THROUGH THE WEBSITE OR BY MAILING A CLAIM FORM POSTMARKED BY INSERT, YOU WILL RECEIVE NO VOUCHER.**

## Who Will Pay for the Administrative Costs of the Settlement?

The Parties have agreed that administrative costs associated with distributing the Notice and Vouchers and certain other expenses will be paid by the Defendant. The Court has appointed INSERT as the Settlement Administrator.

## How Will Class Counsel Be Paid?

Class Counsel have prosecuted this litigation without receiving any attorneys' fees, and without any assurance of receiving fees, and also have advanced all of the costs necessary to prosecute this litigation. As part of the Settlement, Defendant agrees to pay Class Counsel up to $495,000, plus costs and expenses not to exceed $14,000, subject to Court approval. Class Counsel will receive a fee only if the Court approves the Settlement Agreement. **Class members will not be personally responsible for any attorneys' fees or costs.**

In addition, Class Counsel will seek on behalf of the Named Plaintiffs Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic an Incentive Award of $2,500 each to compensate them for the time they devoted to the pursuit of this lawsuit, including producing documents and being deposed. The Defendant has agreed to pay these Incentive Awards, subject to Court approval.

## What Will Happen if the Court Approves the Settlement?

If the Settlement is approved by the Court, the Class Members will be bound by the terms of the Settlement, including the release described above, and any order of the Court that approves the Settlement and dismisses the litigation. If the Settlement is approved, the Court will enter a judgment dismissing with prejudice all claims in the litigation against Weis Markets, Inc. Under the terms of the Settlement Agreement, Class Members will give up the right to make any future claim against the Defendant for claims that were raised or could have been raised under the facts and circumstances giving rise to the lawsuit that relate to Weis Markets' printing of more than the last five digits of a credit or debit card or the card expiration date on point of sale receipts. The full text of the release is contained in the Settlement Agreement, which is available at www.TBA.com.

If the Settlement is approved, the terms of the Settlement, including the releases outlined above,

6

will be final and binding upon, and shall inure to the benefit of (a) all members of the Settlement Class, except those who request timely and proper exclusion from the Class; (b) any heir, executor, administrator, representative, assignee, or other party standing in the shoes of any member of the Class; (c) Defendant Weis Markets, Inc.; and (d) all beneficiaries of the release stated in the Settlement Agreement.

The settlement will become effective if and when a Final Approval Order has been entered by the Court, following the hearing described below, that approves the Settlement terms, and the Final Approval Order has become final and no longer subject to appeal.

### What Will Happen if the Court Does Not Approve the Settlement?

The Parties have agreed and the Court has ruled that the Class definition, above, is only for purposes of the Settlement, subject to final and permanent approval at the conclusion of the settlement process. Therefore, if the proposed Settlement is not finally approved by the Court or is withdrawn at any time for reasons detailed in the Settlement Agreement, the Parties have agreed to return the lawsuit – including the Class definition – to its same status as before the Settlement Agreement was signed.

### Can I Object to the Settlement?

Yes, subject to the deadlines described in this section. You may file an objection to the Settlement or Class Counsel's application for fees and expenses, and/or seek to appear, by yourself or through counsel, at the Fairness Hearing on the Settlement, scheduled for _____ before Judge Marvin J. Garbis, United States District Court for the District of Maryland (Northern Division), 101 W. Lombard Street, Baltimore, Maryland 21201. The purpose of the hearing is to determine whether: (1) the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate; and (2) whether the Settlement Agreement should be approved by the Court. At that time, the Court also will decide Class Counsel's petition for an award of attorneys' fees and expenses and for Incentive Awards to the Class Representatives. Class Counsel, in advance of this Fairness Hearing, will submit their Petition for Award of Fees and a Memorandum in Support of Approval of Class Settlement. Copies of these documents will be available for inspection during the ten days prior to the Fairness Hearing at the Office of the Clerk, United States District Court for the District of Maryland (Northern Division), 101 W. Lombard Street, Baltimore, Maryland 2120, as well as available electronically via the Court's PACER system. Class Counsel will also post these documents to www.TBA.com. The Fairness Hearing may be rescheduled without further notice to the Class; if time permits, notice of any continuance will be posted at www.TBA.com and will remain posted until the hearing is held.

At the Fairness Hearing any member of the Class may appear in person or by duly authorized counsel and be heard in support of or in opposition to the fairness, reasonableness, or adequacy of the settlement, the petition for attorneys' fees by Class Counsel, or any other matter to be presented to the Court at that hearing. However, no Class Member or counsel shall be heard at the hearing, and no paper, brief, or evidence submitted by any such person will be received or

considered by the Court unless such person, on or before **[INSERT]** delivers or mails to the Clerk of the United States District Court for the District of Maryland, at the address below, a notice of his or her intention to appear, and a brief, informal statement of the position that he or she will assert, the reasons for that position, and copies of any papers that he or she intends to present to the Court in support of that position during the Fairness Hearing.

> Clerk of Court
> United States District Court
> for the District of Maryland
> 101 W. Lombard Street
> Baltimore, Maryland 21201

A copy of each such document filed, delivered, or mailed to the Clerk must also be served upon counsel for each of the parties as follows:

> Martin E. Wolf
> Richard S. Gordon
> Katherine B. Bornstein
> QUINN, GORDON & WOLF, CHTD.
> 102 West Pennsylvania Avenue
> Suite 402
> Towson, Maryland 21204
>
> *Lead Class Counsel*
>
> Charles M. Hart
> Dana B. Klinges
> Duane Morris LLP
> Suite 200
> 1940 Route 70 East
> Cherry Hill, NJ 08003
>
> *Attorneys for Defendant Weis Markets, Inc.*

**IF YOU DO NOT OBJECT TO THE SETTLEMENT, AND DO NOT WISH TO BE HEARD ON ANY OTHER MATTER TO BE PRESENTED TO THE COURT AT THE APPROVAL HEARING, YOU NEED NOT APPEAR IN COURT TO BE ENTITLED TO PARTICIPATE IN THE SETTLEMENT.**

In sending any document to the Court, to Class Counsel, or to Counsel for Weis Markets, Inc., it is important that both your envelope and any document inside contain the following case name and identifying numbers: *Stillmock et al. v. Weis Markets, Inc.*, No. 1:07-cv-01342-MJG.   In addition, you must include your full name, address, and telephone number at which you can be reached.

8

## Can I Opt Out of the Settlement?

Yes. If you do not wish to remain a member of the Class, and do not wish to participate in the lawsuit, you must opt-out by **[INSERT]** by mailing a written request for exclusion, referencing the name and number of the case as *Stillmock et al. v. Weis Markets, Inc,* No. 1:07-cv-01342-MJG, to the Settlement Administrator:

INSERT

You must include your full name, current address and telephone number. The request for exclusion must be signed by you and state that you wish to be excluded from the Class. If no written request for exclusion from the Class is received by **[INSERT]** and you fall within the definition of the Class, you will be considered to be included in the Class. A timely, separate and individual written request for exclusion, signed by the Class Member, shall be required for each Class Member who wishes to exclude himself or herself from a Class. No group, class or collective requests for exclusion will be accepted.

If you opt out of the Settlement, you will not be entitled to receive any benefits as a result of the Settlement.

## Will I Have to Pay Anything?

No. You are not required to pay anything in connection with the proposed settlement. If you choose to hire an attorney to represent you, however, you will be responsible for that attorney's fees and expenses.

## Will I Receive Any Monetary Compensation?

No. The proposed settlement does not provide Class Members with any money. The only compensation you are entitled to receive under the proposed settlement is the Voucher described above.

## How Do I Get More Information?

More information on this lawsuit and settlement is provided online at **www.TBA.com**. If you have any questions concerning the matters dealt with in this notice, please direct your inquiries to one of the following attorneys for the Class:

Martin E. Wolf
Richard S. Gordon
Katherine B. Bornstein
QUINN, GORDON & WOLF, CHTD.
102 West Pennsylvania Avenue, Suite 402
Towson, Maryland 21204

9

(410) 825-2300

**How Can I Get a Copy of the Complaints or Other Pleadings?**

The documents relating to the Settlement and key pleadings are available online for your inspection and review at www.TBA.com. The Court pleadings, motions, and other records in this litigation may be examined and copied during regular office hours at the Office of the Clerk, United States District Court for the District of Maryland (Northern Division), 101 W. Lombard Street, Baltimore, Maryland 2120, as well as available electronically via the Court's PACER system.   **DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS.**

Date: _____, 2011.


Clerk of Court
United States District Court
District of Maryland

10