FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL 25 P 3

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| PATRICK and JEANNE STILLMOCK, JENNY BARNSTEIN, and LEONID OPACIC, *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>WEIS MARKETS, INC. and DOES 1-10,<br><br>*Defendants.* | No. 1:07-cv-01342-MJG<br><br><br><br>CONSOLIDATED ACTION |

## FINAL ORDER APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement dated March 31, 2011, by and between the Plaintiffs Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic (acting individually and on behalf of the Class defined below – hereinafter referred to as "Named Plaintiffs") and Defendant Weis Markets, Inc. ("Weis" or "Defendant"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to FED. R. CIV. P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement dated March 31, 2011 ("Settlement Agreement" or "Agreement") (Dkt. No. 120-2), is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of

this Court. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

2. For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court hereby finally certifies the following Class defined as follows:

> All persons in the United States who, at any time during the Class Period, received from Defendant at any of its retail locations, an electronically printed receipt at the point of sale or transaction which contained more than the five last digits of the person's credit or debit card number.

Excluded from the Settlement Class are all consumers who have actual damages they allege to have been caused by Defendant's alleged FACTA violations and who do not waive such damages by submitting a Claim Form, and all individuals who are now of have ever been executives of Defendant.

3. The Court finds that the Notice plan, as described in the Settlement Agreement, was the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23.

4. The Court appoints Named Plaintiffs Patrick and Jeanne Stillmock, Jenny Barnstein and Leonid Opacic, as Representative Plaintiffs of the Class and finds that each of them meets the requirements of FED. R. CIV. P. 23.

5. The Court appoints the following lawyers as Class Counsel, and finds that these counsel meet the requirements of FED. R. CIV. P. 23:

> Martin E. Wolf
> Richard S. Gordon
> Katherine B. Bornstein
> QUINN, GORDON & WOLF, CHTD.
> 102 W. Pennsylvania Ave., Ste. 402
> Towson, MD 21204
>
> Noah Axler

2

> DONOVAN SEARLES & AXLER, LLC
> 1845 Walnut Street, Suite 1100
> Philadelphia, PA 19103
>
> Cory L. Zajdel
> Z LAW, LLC
> 10811 Red Run Blvd., Ste. #204
> Owings Mills, MD 21117
>
> James A. Maro
> KESSLER TOPAZ MELTZER & CHECK, LLP
> 280 King of Prussia Rd.
> Radnor, PA 19087

Martin E. Wolf is hereby appointed as Lead Counsel for the Class.

6. The Court further finds that all the requirements for class certification are met in this case:

### a. The Prerequisites of FED. R. CIV. P. 23:

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**FED. R. CIV. P. 23(a)(1) (numerosity)**: The proposed Class in this action consists all persons in the United States who, at any time during the Class Period, received from Defendant at any of its retail locations, an electronically printed receipt at the point of sale or transaction which contained more than the five last digits of the person's credit or debit card number. Excluded from the Settlement Class are all consumers who have actual damages they allege to have been caused by Defendant's alleged FACTA violations and who do not waive such damages by submitting a Claim Form, and all individuals who are now or have ever been

3

executives of Defendant. This Court finds that there were millions of transactions during the Class Period, therefore, the Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under FED. R. CIV. P. 23(a)(1) is satisfied.

**FED. R. CIV. P. 23(a)(2) (commonality of facts and law):** Plaintiffs allege, *inter alia*, that Defendant failed to truncate point of sale receipts provided to customers who used their credit or debit cards at Weis Markets in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). The Court finds that a determination of the legality of the Defendants' practices concerns common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. P. 23(a)(2) are satisfied.

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the representative's interests are truly aligned and consistent with those of the Class members. In this case, the Representative Plaintiffs' claims are identical to the claims of every other Class member. Furthermore, the defenses to liability, if any, are similar as to every Class member. Thus, the Court finds that the requirement of typicality under FED. R. CIV. P. 23(a)(3) is satisfied.

**FED. R. CIV. P. 23(a)(4) (adequate representation):** The Representative Plaintiffs' claims are not conflicting or inconsistent with any Class member's claims. Moreover, the Court finds that Plaintiffs are represented by able counsel with extensive experience in class action litigation, who have adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. P. 23(a)(4) is satisfied.

b.   **Requirements of FED. R. CIV. P. 23(b):**

4

After the requirements of FED. R. CIV. P. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. CIV. P. 23(b)(1), (b)(2) or (b)(3).

**FED. R. CIV. P. 23(b)(3):** This Court finds that the allegations in this case focus on uniform and consistent conduct and that there are common, over-riding legal claims held by all Class members regarding allegations that Defendant issued point of sale receipts that were not truncated as required by FACTA. The Court further finds that the pursuit of numerous individual cases which would be essentially identical would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. P. 23(b)(3) is therefore appropriate.

7. After due consideration of the likelihood of success of the Named Plaintiffs and the Class at trial; the range of possible recovery of Named Plaintiffs and the Class; the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense, and duration of the litigation; the lack of any opposition or timely objections to the settlement; the state of proceedings at which the settlement was achieved; all written submissions; declarations and arguments of counsel; and after notice and a hearing; this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class members. Each Class member shall be bound by the Agreement, including the releases in the Settlement Agreement, which is hereby incorporated by reference and becomes part of the final judgment in this action.

8. The Court finds the Settlement Agreement to be reasonable and in the best interests of all parties, and to be the product of good-faith, arm's-length and non-collusive negotiations.

9. The Court further orders that any remaining claims against the John Doe defendants are hereby dismissed.

10. The parties are hereby ordered promptly to carry out their respective obligations under the Settlement Agreement.

11. RG/2 Claims Administration LLC (the "Claims Administrator") is hereby directed to carry out its duties as described under the Settlement Agreement, including its duty to distribute the Settlement Vouchers as set forth in the Agreement or as otherwise approved by the Court.

12. The Court hereby approves, pursuant to ¶ 23 of the Settlement Agreement, attorneys' fees to be paid to Class Counsel in the amount of $495,000.00.

13. The Court hereby approves payment of Class Counsel's costs and expenses of litigation in the amount of $14,000.00 to be paid by Defendant pursuant to ¶ 23 of the Settlement Agreement.

14. The Court hereby approves, pursuant to ¶ 24 of the Settlement Agreement, a payment of $2,500 each to Named Plaintiffs Patrick Stillmock, Jeanne Stillmock, Jenny Barnstein and Leonid Opacic.

15. The Released Claims of each Class member against the Released Persons (as those terms are defined in the Settlement Agreement) are hereby dismissed on the merits and with prejudice.

6

16.  This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: July 25, 2011           /s/
                               The Honorable Marvin J. Garbis
                               U.S. District Court for the District of Maryland